PER CURIAM.
This is' an appeal from a final decree of the court declining to grant the plaintiff, Alice S. Mullinix, relief against the defendant, Eston E. Mullinix, by enjoining him from proceeding with a suit in the Supreme Court of the State of New York.
The parties, husband and wife residents of Florida, entered into a custodian account agreement with the Chemical Bank New York Trust Company of New York and placed certain securities in said account. The agreement provided that either party could give instructions for the management of said account, could withdraw securities therefrom and could borrow against said securities in their individual name. The agreement further provided that any dispute arising out of said agreement be construed and interpreted in accordance with the laws of the State of New York.
Later the parties encountered marital difficulties which resulted in a decree for separate maintenance of the wife by the Circuit Court of Palm Beach County, Florida.
Thereafter the husband instructed the Chemical Bank to turn over the securities in said account to him. The wife countermanded the order, and, as a result, the bank refused to deliver the securities to either party and suggested that it would not turn over the securities in the absence of a court order. The husband instituted suit in New York against the bank claiming the right to possession of the securities pursuant to the agreement and his instructions. The wife sued the husband in Palm Beach County seeking to enjoin him from proceeding in the New York suit. The wife was granted a temporary injunction, but, on final hearing, the temporary injunction was dissolved and the court declined to grant a permanent injunction and entered a final decree denying the relief sought by the wife.
 The writ of injunction is an extraordinary remedy and the injury must be of a peculiar nature so that compensation in money cannot atone for it. The wife has the benefit of alimony of $18,000.00 per year, occupancy of the parties former home and she has the means necessary for asserting her rights in New York, the location of the property in issue and the corporate domicile of the custodian of the securities. There are no allegations of insolvency or fear of the husband absconding. The New York litigation instituted by the husband against the bank, seeking to require the bank to perform under the terms of the custody agreement, is not so *270 vexatious and expensive as to require the issuance of a writ of injunction. No abuse of judicial discretion has been shown by this denial of the injunction. 17 Fla.Jur., 'Injunctions, Sec. 16.
Affirmed.
SMITH, C. J., and ANDREWS and WALDEN, JJ., concur.